UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERRY DERRELL PAIGE,

    Petitioner,

v.                                                                 Case No. 3:18cv450-LC-HTC

MARK S. INCH,[1]

    Respondent.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, Jerry Derrell Paige, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 raising a single ground: that newly discovered evidence showed that his trial counsel was constitutionally ineffective by failing to convey a favorable plea offer prior to trial. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After considering the petition (ECF Doc. 1), the State's response (ECF Doc. 21), and Paige's reply (ECF Doc. 23), the undersigned recommends the petition be DENIED without an evidentiary hearing. Notably, the undersigned finds that because this claim was denied by the

---

[1] Mark S. Inch succeeded Julie Jones as Secretary of the Florida Department of Corrections and is automatically substituted as the respondent. *See* Fed. R. Civ. P. 25(d). The clerk is directed to update the case file information to reflect Mark S. Inch as the Respondent.

state courts as untimely, the claim was procedurally defaulted for purposes of federal habeas review.

I.   **BACKGROUND**

   A.   **Offense and Conviction**

Paige was charged by Amended Information on October 13, 2009 in the First Circuit Court for Escambia County case number 2009-CF-4008-A with selling, manufacturing, or delivering a controlled substance or possessing the controlled substance with the intent to sell, manufacture or deliver it. ECF Doc. 21-1 at 18. After a jury trial, he was convicted on March 30, 2010, *id.* at 40, and sentenced on the same day to 15 years imprisonment. *Id.* at 50.

   B.   **Postconviction History and Timeliness**[2]

Paige appealed his judgment and sentence to the First District Court of Appeal ("First DCA") (case number 1D10-2220), and the First DCA affirmed per curiam

---

[2] The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" (unless one of the later dates enumerated in the statute applies – which they do not here). *Id.* § 2244(d)(1)(A). The limitations period is tolled for the time during which a "properly filed" postconviction motion is pending in state court. *Id.* § 2244(d)(2).

without written opinion on May 20, 2011. ECF Doc. 21-1 at 305. Petitioner did not move for rehearing or seek further appellate review.

In the interim, on July 5, 2011,[3] Petitioner filed a postconviction motion, *id.* at 321, which was denied by the circuit court. Petitioner appealed the denial to the First DCA (case number 1D12-4850) and the First DCA affirmed the decision. The First DCA issued its mandate on March 12, 2013 in. ECF Doc. 21-2 at 65.

On August 10, 2012, while that motion was pending, Petitioner, filed a 3.800(a) motion, which was denied by the circuit court. The Petitioner appealed the denial (case number 1D13-1025), and the First DCA affirmed. The First DCA issued its mandate on June 11, 2013. ECF Doc. 21-2 at 106.

On January 3, 2013, while that motion was pending, Petitioner filed a "Verified Supplemental Motion for Post-Conviction Relief." ECF Doc. 21-2 at 116. That motion was denied by the circuit court and Petitioner appealed to the First DCA (case number 1D13-3469). The First DCA issued its mandate affirming the denial on December 3, 2013. *Id.* at 173.

---

[3] When available, the undersigned refers herein to the date the Petitioner submitted the referenced filing to prison mail officials, rather than the docketed date. *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

Seven (7) days later, on December 11, 2013, Petitioner filed another motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. ECF Doc. 21-2 at 184. That motion was denied by the circuit court and affirmed on appeal by the First DCA (case number 1D14-4771). The First DCA issued its mandate on February 24, 2015. *Id.* at 317.

Before that mandate was issued, Petitioner filed a "Second or Successive Motion for Postconviction Relief" on February 11, 2015. *Id.* at 327. That motion was denied by the circuit court and affirmed on appeal (case number 1D15-4260). The First DCA issued its mandate on March 2, 2016. ECF Doc. 21-3 at 8.

Twenty-seven (27) days later, on March 30, 2016, Petitioner filed another "Second or Successive Motion for Postconviction Relief". *Id.* at 19. That motion was denied by the circuit court and affirmed on appeal (case number 1D16-3967). The First DCA issued its mandate on January 31, 2017. ECF Doc. 21-3 at 91.

Before that mandate was issued, on December 13, 2016, Petitioner filed a "Motion for Postconviction Relief Based on Newly Discovered Evidence." *Id.* at 103. This was the first motion that raised the issue of the unconveyed plea offer (raised in the instant petition). That motion was denied by the circuit court and affirmed on appeal (case number 1D17-3198). The First DCA issued its mandate on January 19, 2018. ECF Doc. 21-3 at 230.

Case No. 3:19-cv-00450-LC-HTC

Page 5 of 17

Petitioner filed the instant federal petition on March 19, 2018. ECF Doc. 1 at 1. The Respondent does not dispute the petition is timely filed.

## II.   DISCUSSION

Petitioner alleges that sometime in 2016, the inmate law clerk at his institution informed him "that the Petitioner could 'buy' a copy of his criminal case file . . . from the Office of the State Attorney." ECF Doc. 1 at 7. Petitioner inquired of the State Attorney, and on September 7, 2016, the Office of the State Attorney sent him a copy of his plea offer free of charge. ECF Doc. 1-1 at 19-20.

Petitioner attaches the plea offer as an exhibit to the petition. ECF Doc. 1-1 at 19-20. The exhibit includes a cover letter from the Office of the State Attorney stating, "Please see the enclosed documents. These contain the plea offers you were looking for." *Id.* at 19. The plea offer was dated October 16, 2009 and stated that Paige would be adjudicated guilty of selling, manufacturing or possessing with intent to sell cocaine, with a maximum penalty of fifteen years. *Id.* at 20. The State agreed to the following sentencing recommendation: "Adjudication of Guilty; 60 months state prison; $418 court costs – lien; $100 cost of prosecution – lien; $150 public defender fee – lien; 2 Y DLR." *Id.* The document was signed by Alvin B. Myers, III, Assistant State Attorney. *Id.* at 23.

Paige asserts that, prior to trial, he specifically asked counsel, Eugene Polk, about his chances of winning at trial. Polk replied that from a scale of A-F, Paige's chances would be about a B. ECF Doc. 1-1 at 12-13. Paige then asked Polk whether the State had made any plea offers, and Polk stated there were no offers made. *Id.* Paige alleges had he known about the October 2009 offer, he would have accepted it and, also, that there was no indication that the prosecutor would have withdrawn the plea, or that the trial court would have rejected it. ECF Doc. 1 and ECF Doc. 21-3 at 107-110. Therefore, he concludes, counsel was constitutionally ineffective for failing to convey the plea offer to him before trial.

Petitioner exhausted this claim by raising it in the December 13, 2016 motion for postconviction relief. ECF Doc. 21-3 at 103. Because the First DCA issued a *per curiam* affirmance of the denial of Paige's motion without written opinion, this Court will "look through" that decision to the last related state-court decision that provides a relevant rationale and presume that the unexplained decision adopted the same reasoning. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Here, that last decision comes from the Order Denying Amended Motion for Postconviction Relief. ECF Doc. 21-3 at 192.

In that order, the state circuit court noted that Paige's conviction was final in 2011, and so the December 2016 3.850 motion – filed more than five (5) years later

Case No. 3:19-cv-00450-LC-HTC

-- was untimely unless Paige could meet the exception for newly discovered evidence. *Id.* (citing Fla. R. Crim. P. 3.850(b).[4] The state court found, however, that Paige did not meet that exception because Paige had not shown that the information about his plea could not have been discovered earlier with due diligence. *Id.* at 193.

As an initial matter, the undersigned finds that the state court's decision is based on an independent and adequate state procedural ground – namely, Rule 3.850(b), rather than on the merits or on a federal procedural rule.  Courts use a three-part test to determine whether a state court's procedural ruling is based on an independent and adequate state procedural ground. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering a judgment must "clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim."  *Id*.  Second, the state court's decision must rest solely on state law grounds, and "may not be intertwined with an interpretation of federal law."  *Id*. (internal quotation marks omitted).  Third, the

---

[4] "A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that . . . the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence".  Fla. R. Crim. P. 3.850(b).

Case No. 3:19-cv-00450-LC-HTC

state procedural rule must be adequate, meaning that it is not applied in an arbitrary or unprecedented fashion, nor can it be "manifestly unfair in its treatment of the petitioner's federal constitutional claim." *Id*. (internal quotation marks omitted).

Here, all three parts are met. As set forth above, the state court clearly relied on Rule 3.850(b)(1) in denying the successive motion. In the court's order, it (1) explained that Paige had not demonstrated that he could not have discovered the evidence within the two-year deadline through due diligence, and (2) in support of that conclusion, cited Florida case law (*Buenoano* and *Zeigler*) that discussed Rule 3.850's newly discovered evidence exception to the two-year time limit. ECF Doc. 21-3 at 192-93. Further, the denial rested solely on state procedural grounds rather than federal law. The court did not cite to or otherwise reference federal law in its denial; its ruling was independent of, not intertwined with, federal law. *See Judd*, 250 F.3d at 1313.

Also, the procedural rule was adequate to support the denial. *See id*. For a successive motion to be timely, Paige was required under Rule 3.850(b)(1) to demonstrate that newly discovered evidence—that is, evidence that he "could not have discovered earlier through the exercise of due diligence"—supported his claims. Here, the state court specifically found that Paige had not shown that he could not have discovered the evidence earlier through the exercise of due diligence.

Case No. 3:19-cv-00450-LC-HTC

Thus, the rule was adequate to support the denial. Further, Paige has pointed to nothing in the record showing that the postconviction court's denial on that ground was arbitrary, unprecedented, or manifestly unfair.

Because the state court denied the claim on a state procedural basis; however, this Court cannot review the court's decision unless Paige can show cause and prejudice for his procedural default or that a miscarriage of justice will occur if the claim is not considered. *Kimbrough v. Sec'y, Fla. Dep't of Corr.*, 809 F. App'x 684, 689 (11th Cir. 2020) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("If the state habeas court did not adjudicate the petitioner's claim on the merits but instead declined to address the claim based on an independent and adequate procedural ground under state law, we may not review that decision in a federal habeas proceeding unless the petitioner establishes cause and prejudice to excuse the procedural default."). The undersigned finds, however, that Page has not shown cause and prejudice or that failure to consider his claim will result in a fundamental miscarriage of justice.

### A. Cause

For cause, in his petition, Paige alleges that he "continuously and diligently attacked/challenged his conviction on five (5) prior state postconviction relief proceedings"; that he was informed by a law clerk inmate that he could 'buy' a copy

Page 10 of 17

of his criminal case via a public records request; that he was indigent and could not pay the for a copy; and that on September 7, 2016, he received a copy of a plea offer from the State pursuant to a request. ECF Doc. 1 at 7. In his brief to the First DCA, Petitioner made similar arguments and also argued he "had no way of knowing the State Attorney's files were available to him and that because he is incarcerated he has does not have the same opportunities to obtain information that someone in the free world could obtain." ECF Doc. 21-3 at 209. In his reply (ECF Doc. 23), Petitioner argues that "the 'undue burden and insurmountable obstacle' placed on Petitioner by the provisions of Section 119.07(4) and (8)" supports either equitable tolling or establishes a miscarriage of justice.[5] ECF Doc. 1 at 34-35.

The undersigned finds that Paige has not established cause for failing to timely raise this claim. To show "cause," a Petitioner must point to an objective factor external to the defense that impeded the effort to raise the claim properly in the state court. *Harris v. Comm'r, Ala. Dep't of Corr.*, 874 F. 3d 682, 688 (11th Cir. 2017). Paige, however, does not allege that any circumstance prevented him from learning

---

[5] Florida Statute § 119.07(4) provides, "The custodian of public records shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law." Section 119.07(8) provides, "(8) The provisions of this section are not intended to expand or limit the provisions of Rule 3.220, Florida Rules of Criminal Procedure, regarding the right and extent of discovery by the state or by a defendant in a criminal prosecution or in collateral postconviction proceedings."

Case No. 3:19-cv-00450-LC-HTC

about the availability of the State's file with due diligence. He does not explain what, if anything, he did to obtain a copy of the file or to learn about the availability of the file prior to the September 2016 request. The fact that he is a prisoner does not excuse his failure to exercise due diligence.

Also, to the extent Paige argues that the cost of the copies prevented him from timely obtaining the information, he does not allege that he sought the information and was denied access because of lack of payment. Indeed, he admits that, the very first time he asked for the documents, the State Attorney provided the materials "free of charge." ECF Doc. 1 at 7. Moreover, § 119.07 specifically states that, "This section may not be used by any inmate as the basis for failing to timely litigate any postconviction action." Fla. Stat. § 119.07(8).

B.   **Prejudice and Miscarriage of Justice**

"In order to establish prejudice to excuse a default, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different absent the constitutional violation." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quotation marks omitted). In the absence of cause, however, prejudice alone is not enough to overcome a procedural bar. *Jeffery v. Warden*, 817 F. App'x 747, 751 (11th Cir. 2020). Regardless, the undersigned also finds a lack of prejudice. Specifically, Plaintiff has not shown that

the outcome of the proceedings would have been different even had counsel informed him of the plea. Additionally, because the undersigned finds that Petitioner cannot show he has been prejudiced by counsel's deficiency (which is necessary to state a claim for ineffective assistance of counsel), the undersigned also finds that there is no miscarriage of justice by the state court's failure to consider this claim on the merits. In other words, even if it had been considered the claim would not have been successful.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a prisoner claiming constitutionally ineffective assistance of counsel must show: (1) counsel's performance fell below an "objective standard of reasonableness" under "prevailing professional norms," and (2) but for counsel's errors, there is a "reasonable probability that the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Lafler v. Cooper*, 566 U.S. 156 (2012). A "reasonable probability" in this context is defined as a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To prevail on a claim of ineffective assistance of counsel, both parts of the *Strickland* test must be satisfied. *Bester v. Warden, Att'y Gen. of the State of Ala.*, 836 F.3d 1331, 1337 (11th Cir. 2016) (citing *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000)). Moreover, a court need only address one prong, and if it is found unsatisfied, the analysis ends. *Id.*

Page 13 of 17

Here, Paige cannot satisfy the prejudice prong, so the analysis ends there. The *Strickland* prejudice prong requires a claimant to show a "reasonable probability" that he would have pled differently had he been properly advised on the existence and desirability of the offer. *Missouri v. Frye*, 566 U.S. 133, 145 (2012). Petitioner must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, and that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Frye*, 566 U.S. at 147.

Petitioner has not met this burden. Aside from a formulaic recital of the standard, Petitioner has alleged no facts showing that he would have accepted the offer when it was made or that it would have been accepted by the court (even if not withdrawn by the prosecutor). Instead, Petitioner admits that his counsel told him that his case was a "B" on a scale of "A to F" for being acquitted, ECF Doc. 1-1 at 12-13. Thus, he was told he had a better than average chance of acquittal, so this does not support, but rather opposes, his claim that he would have accepted the plea.

Also, the offer was signed on October 16, 2009, only two days after the Amended Information in Petitioner's case and several months before the trial. Petitioner has not offered any factual allegations showing that he would have

accepted a plea so early in the case and that the prosecutor would not have withdrawn the offer if he chose to accept it later.

Finally, the record does not support a showing that the court would have accepted the prosecutor's recommendation. At sentencing, the State asked for a sentence of "no less than ten years." ECF Doc. 21-1 at 263. Nevertheless, the trial judge eventually sentenced Petitioner to the maximum available sentence (fifteen years) even though the State only asked for a ten-year sentence. Thus, the only evidence of the state court's position on a sentencing recommendation tends to show, if it shows anything at all, that the court would not have approved the shorter sentence to be recommended pursuant to the plea offer.

"[H]abeas petitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.' '[T]hat the error had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." *Gilreath v. Head,* 234 F.3d 547, 551 (11th Cir.2000) (quoting *Strickland*). For the reasons given above, Petitioner has failed to show that even absent the alleged constitutional violation, the outcome of the proceedings would have been different. Therefore, he likewise cannot show that declining to consider his untimely claim would deny him fundamental fairness. *See Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999).

## III.   CONCLUSION

For the reasons set forth above, the undersigned finds that the petition should be denied. Additionally, as set forth below, the undersigned finds that an evidentiary is unnecessary and a certificate of appeal should be denied.

### A.   **Evidentiary Hearing**

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schirra v. Landorian*, 550 U.S. 465, 474 (2007). The pertinent facts are fully developed in the record or the record otherwise precludes habeas relief; therefore, the Court is able to "adequately assess [Petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), *cert. denied*, 541 U.S. 1034 (2004).

### B.   **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The clerk is directed to update the case file information to reflect Mark S. Inch as the Respondent.

Case No. 3:19-cv-00450-LC-HTC

Additionally, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Paige*, 2009-CF-4088-A, in the First Judicial Circuit, in and for Escambia County, Florida, ECF Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of October, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days of the date of this report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.